IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES T. DeJARNETTE,

    Petitioner,

v.

CHAE HARRIS, WARDEN,
WARREN CORRECTIONAL INST.,

    Respondent.

Case No. 2:18-cv-291
Judge Algenon L. Marbley
Magistrate Judge Chelsey M. Vascura

**ORDER and**
**REPORT AND RECOMMENDATION**

    Petitioner, a state prisoner, brings this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Petition, Respondent's Return of Writ and Amended Return of Writ, Petitioner's Traverse, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

    Petitioner's Motion to Clarify (ECF No. 9) is **DENIED**.

**Facts and Procedural History**

    On July 8, 2015, while represented by counsel, Petitioner pleaded guilty in the Franklin County Court of Common Pleas in Case Number 14 CR 2733 to trafficking in cocaine and trafficking in heroin. The parties agreed to a jointly recommended sentence of twelve months on each of the charges, such sentence to be served consecutively to the sentences imposed in Petitioner's other pending criminal cases, *i.e.*, Case Numbers 14 CR 2737 and 14 CR 3508, for an aggregate term of twenty-five years. (ECF No. 5-1, PAGEID # 65, 67.) In Case Number 14 CR 2737, represented by the same counsel and on the same date, Petitioner pleaded guilty to trafficking in drugs and trafficking in cocaine (PAGEID # 80-81); in Case Number 14 CR 3508,

he pleaded guilty to engaging in a pattern of corrupt activity, aggravated trafficking in drugs, trafficking in cocaine, and trafficking in heroin. (PAGEID # 114, 116.) The parties agreed to jointly recommend the same sentence in those cases. Petitioner did not file a timely appeal. On August 1, 2016, he filed a *pro se* Notice of Appeal. (PAGEID # 119.) The appellate court *sua sponte* consolidated the cases for purposes of the appeal. (*Journal Entry*, ECF No. 5-1, PAGEID # 121.) On August 25, 2016, the appellate court dismissed the Notice of Appeal as untimely. (PAGEID # 123.) On June 5, 2017, Petitioner filed a Motion for Leave to File Delayed Appeal. (PAGEID # 127.) As cause for his untimely filing, Petitioner stated that neither the trial court nor his attorney had advised him of his right to appeal, and he did not learn about his right to an appeal until he arrived at the Warren Correctional facility. (PAGEID # 130-131.) On August 22, 2017, the appellate court denied that motion. (PAGEID # 169.) On December 20, 2017, the Ohio Supreme Court declined to accept jurisdiction of the appeal pursuant to S.Ct.Prac.R. 7.08(B)(4). (PAGEID # 202.)

On February 19, 2018, Petitioner executed this habeas corpus *Petition*. (ECF No. 1, PAGEID # 8.) As his sole claim for relief, Petitioner asserts that the appellate court abused its discretion and violated due process and equal protection when it denied his motion for a delayed appeal and request for the appointment of counsel because neither the trial court nor defense counsel had advised him of his right to appeal. It is the position of the Respondent that this action is time-barred and that this claim is procedurally defaulted or waived by the entry of Petitioner's guilty plea.

**Motion to Clarify**

On April 28, 2018, Petitioner filed a Motion to Clarify inquiring as to whether he should respond to the Return of Writ or Amended Return of Writ. (ECF No. 9, PAGEID # 310.)

Respondent subsequently has clarified that he filed the Amended Return of Writ for the sole purpose of amending the record citations so as to comply with the Court's Show Cause Order. (ECF No. 10, PAGEID # 312.) Petitioner has filed a Traverse responding to Respondent's arguments for dismissal of this action. (ECF No. 11.) Petitioner's Motion to Clarify (ECF No. 9) is therefore **DENIED** as moot.

**Statute of Limitations**

It is the position of the Respondent that this action should be dismissed as time-barred. For the reasons that follow, the Court agrees. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d). The statute provides in pertinent part as follows:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, Petitioner maintains that he was never advised about his right to appeal and that the appellate court therefore improperly denied his motion for a delayed appeal. Where a defendant is not advised of his right to appeal, the statute of limitations may not begin to run on a claim that the state appellate court improperly denied a motion for delayed appeal until the date on which the state appellate court denies the motion for delayed appeal. *DiCenzi v. Rose*, 452 F.3d 465, 469 (6th Cir. 2006). Moreover, claims that relate to events that occurred at the time of sentencing may be timely under 28 U.S.C. § 2244(d)(1)(D) if the petitioner acted in a reasonably diligent manner in learning about his right to appeal:

> "The proper task in a case such as this one is to determine when a duly diligent person in petitioner's circumstances would have discovered [his right to an appeal]. After that date, petitioner was entitled to further delay (whether in actually making the discovery, or in acting on a previously made discovery, or for any other reason whatsoever), so long as he filed his petition within one year of the date in which the discovery would have been made in the exercise of due diligence."
>
> *   *   *
>
> "[T]he date on which the limitations clock began to tick is a fact-specific issue the resolution of which depends, among other things, on the details of [a defendant's] post-sentence conversation with his lawyer and on the conditions of his confinement in the period after [sentencing]."

*Id*. at 470-471 (quoting *Wims v. United States*, 225 F.3d 186, 190-91 (2d Cir. 2000)). However, the "petitioner bears the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he discovered the factual predicate of his

4

claim, pursuant to 28 U.S.C. § 2244(d)(1)(D)." *Id*. at 471 (citing *Lott v. Coyle*, 261 F.3d 594, 605-06 (6th Cir. 2001)). The Court also construes *DiCenzi v. Rose* in conjunction with *Johnson v. United States*, 544 U.S. 295 (2005), which requires consideration of the petitioner's exercise of due diligence. *See Shorter v. Richard*, 659 F. App'x 227, 230 (6th Cir. 2016) ("By its terms, section 2244(d)(1)(D) 'requires diligence.'" (citing *McQuiggin v. Perkins*, 569 U.S. 383, 395 (2013))). "The Supreme Court has cautioned against reading this requirement 'out of the statute.'" *Id*. (citing *Johnson*, 544 U.S. at 310). Thus, a petition will not be deemed timely where the petitioner fails to act with reasonable diligence. *See Hysell v. Warden*, No. 2:16-cv-00139, 2016 WL 6165986, at *3 (S.D. Ohio Oct. 24, 2016) (citations omitted). "Applying *DiCenzi* and *Johnson*, Petitioner must demonstrate either that he exercised due diligence in discovering the lack of notice of his right to appeal, the fact on which his conviction-based claims are predicated, or that he filed for habeas within one-year from the time a person exercising due diligence in Petitioner's position would have discovered that fact." *McIntosh v. Hudson*, 632 F. Supp. 2d 725, 734 (N.D. Ohio July 10, 2009) ("A person in Petitioner's position exercising due diligence would have acted much sooner, seeking out his rights and remedies rather than waiting [more than two and one half years after his conviction] for a law clerk . . . to '[notice] that [he] was never informed of his right to appeal[.]'") *See also Yavari v. Wolfe*, No. 2:07-cv-480, 2008 WL 2078061, at *7 (S.D. Ohio May 13, 2008) (Petitioner failed to establish that he acted diligently in learning about his right to appeal by waiting two years to file motion for a delayed appeal).

Lack of actual notice and "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing." *Fisher v. Johnson*, 174 F.3d 710, 714–15 (5th Cir. 1999).

5

> Even those not versed in the law recognize the centuries-old maxim that "ignorance of the law is no excuse." This maxim, deeply embedded in our American legal tradition, reflects a presumption that citizens know the requirements of the law. The benefits of such a presumption are manifest. To allow an ignorance of the law excuse would encourage and reward indifference to the law. Further, the difficulty in proving a defendant's subjective knowledge of the law would hamper criminal prosecutions.

*United States v. Baker*, 197 F.3d 211, 218 (6th Cir. 1999).

Petitioner has failed to establish that he acted diligently in learning about his right to appeal. Significantly, although Petitioner argues at length that he was not advised of and did not know about his right to appeal, the state appellate court found to the contrary:

> Defendant's claim that he was not aware of his right to appeal is not persuasive. The entry of guilty plea form which defendant and his attorney signed when he pled guilty states that he "understand(s) that I can appeal as a matter of right from my plea and sentence within thirty days of the filing of my judgment of conviction." Therefore, we presume that defendant understood the plea form and understood his statutory right to appeal. . . . Additionally, defendant filed appeals from all of these judgments on August 1, 2016, which this court denied as untimely on August 25, 2016. . . . Thus, it is clear that defendant knew of his right to appeal by that date and still waited almost one year to file the present motion. He does not explain that delay.

(*Memorandum Decision*, ECF No. 5-1, PAGEID # 170.) Petitioner has failed to rebut the presumption of correctness provided to these factual findings. *See* 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."). Further, "[c]ourts in this Circuit have recognized that when a petitioner has access to retained counsel, due diligence requires that he ask his counsel about his appellate rights. A period not greater than 90 days is a reasonable amount of time in which to inquire of counsel." *Baker v. Wilson*, No. 5:06-cv-1547, 2009 WL 313325, at *1 (N.D. Ohio Feb. 6, 2009) (citing *Ramos v. Wilson*, 1:06-cv-901, 2008 WL

6

2556725 (N.D. Ohio 2008)). Petitioner, however, waited more than one year from the date of his sentencing to file a Notice of Appeal. Thereafter, he waited almost ten months after the appellate court dismissed his untimely Notice of Appeal to file a motion for delayed appeal. He does not explain this length of delay. He waited until February 19, 2018, to execute this habeas corpus petition challenging his July 8, 2015 judgment of sentence. Thus, this Court is not persuaded that the record establishes either that Petitioner acted diligently or that this action is timely under *DiCenzi v. Rose*, 452 F.3d at 465. Moreover, Petitioner does not allege, and the record likewise does not reflect, that some extraordinary circumstance prevented his timely filing such that equitable tolling of the statute of limitations would be appropriate. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (To obtain equitable tolling of the statute of limitations, a litigant must establish that he has diligently pursued relief and that some extraordinary circumstance prevented his timely filing) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

**Recommended Disposition**

For the foregoing reasons, it is **RECOMMENDED** that this action be **DISMISSED** as barred by the one-year statute of limitations.

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or

in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ *Chelsey M. Vascura*___
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE